**Kermit Franklin DEMENT, Plaintiff-Appellee,**

v.

**TRAVELERS INSURANCE COMPANY and J. Ray McDermott & Co., Inc., Defendants-Appellants.**

No. 72-2520

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1973.

---

John R. Peters, Jr., New Orleans, La., for defendants-appellants.

Owen J. Bradley, New Orleans, La., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

The plaintiff, Kermit Dement, brought an action for personal injuries against appellants in the district court under the Jones Act and the general maritime law. He alleged that his injuries were caused by the negligence of J. Ray McDermott & Company, Inc. and by the unseaworthiness of the vessel on which he was working at the time of his accident. Following the presentation of evidence, the case was submitted to the jury through special interrogatories. A verdict was returned in Dement's favor and damages were awarded in the amount of $153,000.

Appellants contend that the trial court committed the following errors: (1) refused to grant a new trial or alternatively to grant defendant's motion for judgment notwithstanding the verdict; (2) refused to give a properly requested charge to the jury concerning repairs and corrections of known unseaworthy conditions; (3) failed to charge the jury concerning a seaman's assumptions of the hazards of his calling; (4) incorrectly instructed the jury on contributory negligence under the Jones Act. We affirm.

We have carefully reviewed the record in this case. We find that the trial court's instructions to the jury did not suffer from the infirmities claimed. On the contrary, the record discloses quite clearly that the trial court was both accurate and thorough in explaining the governing legal principles to the jury. The challenges to these instructions border on the frivolous. Likewise without merit is the appellants' contention that the trial court should have granted either a new trial or a judgment notwithstanding the verdict. There was more than ample evidence to support the jury's verdict. In such circumstances, it is not within the province of this court to substitute its own assessment of the facts for that of the jury. Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969).

Judgment affirmed.